UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CELESTE WENEGIEME and CELESTINE
WENEGIEME, JR,

                    Plaintiffs,

        - against -

BAYVIEW LOAN SERVICING, JOHN E.
DRISCOLL, III, and MERS,

                    Defendants.

------------------------------------X



14 Civ. 9137(RWS)

OPINION

        Plaintiffs Celeste Wenegieme and Celestine Wenegieme, Jr.
(the "Wenegiemes" or the "Plaintiffs"), proceeding pro se, have
moved pursuant to Rule 65 of the Federal Rules of Civil
Procedure to enjoin Defendants Bayview Loan Servicing ("BLS"),
John E. Driscoll, III ("Driscoll"), and MERS, (collectively, the
"Defendants") from prosecuting foreclosure proceedings currently
taking place in Maryland state court.  Defendants have moved
pursuant to Rule 12(b)(6) to dismiss the Plaintiffs' Complaint.
For the reasons stated below, the motion to dismiss is granted
and the motion for a preliminary injunction is denied.


**Prior Proceedings**

        The Wenegiemes filed their Complaint on November 17, 2014.
According to the Complaint, they own a property at 2855 West

Lafayette Avenue, in Baltimore, Maryland, subject to a mortgage. In July of 2014, BLS contacted the Wenegiemes to inform them that it was now servicing the mortgage and that the Wenegiemes were in default. BLS then told the Wenegiemes that unless they agreed to a loan modification it would bring foreclosure proceedings on the property. Although the Wenegiemes sent in paperwork seeking a modification, Driscoll and BLS instead brought a civil action in Maryland state court seeking foreclosure.

Construing the pleadings liberally, as required in pro se cases by "well-established" precedent, see Hemphill v. New York, 380 F.3d 680, 687 (2d. Cir. 2004), the Plaintiffs appear to make two claims: first, that the defendants lack standing to bring the foreclosure action because they cannot prove that they own the mortgage on the Wenegiemes' property, and second, that the foreclosure action is barred by the Dodd-Frank Act's ban on "dual tracking."

On April 6, 2015, the Wenegiemes filed an Order to Show Cause seeking a preliminary injunction barring the Defendants from selling their Baltimore property during the pendency of the litigation, any related attempts at mediation, and their efforts to modify the loan's terms.

**Applicable Standard**

In deciding a motion to dismiss, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiffs, as the non-moving party.  See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).  The Court then determines whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quotation omitted). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 257 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A preliminary injunction is used to prevent irreparable injury to the moving party during the pendency of a case, in order to preserve the Court's ability to render a meaningful decision on the merits.  WarnerVision Entertainment Inc. v. Empire of Carolina, Inc., 101 F.3d 259, 261-62 (2d Cir. 1996). To obtain a preliminary injunction, the moving party must demonstrate that he or she would suffer irreparable harm in the absence of the injunction and either 1) a likelihood of success on the merits or 2) questions regarding the merits that are sufficiently serious to make them fair grounds for litigation, plus a balance of hardships decidedly in his or her favor. Oneida Nation of N.Y. v. Cuomo, 645 F.3d 154, 164 (2d Cir.

2011).  The district court has "wide discretion" in determining whether to grant or deny such an injunction.  Wells Fargo Secs. LLC v. Senkowsky, 512 Fed. Appx. 57, 59 (2d Cir. 2013).

**Analysis**

**A.    The Plaintiffs' Dual Tracking Claim is Not Yet Ripe.**

The Wenegiemes argue that by bringing a foreclosure action against them after they had submitted paperwork seeking a loan modification, the Defendants violated the Dodd-Frank Act and rules implemented by the Consumer Financial Protection Bureau ("CFPB").[1] According to the CFPB, dual tracking is where a servicer moves forward with foreclosure proceedings while simultaneously working with the borrower to avoid foreclosure. See Press Release, Consumer Financial Protection Bureau, CFPB Rules Establish Strong Protections for Homeowners Facing Foreclosure (Jan. 17, 2013), *available at* http://www.consumerfinance.gov/newsroom/consumer-financial-protection-bureau-rules-establish-strong-protections-for-homeowners-facing-foreclosure/.  Construing the Complaint liberally, as required in pro se cases, see McEachin v.

[1] Since this claim is based on federal law, the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), the Court takes the Wenegiemes' claim to be one under 12 C.F.R. § 1024.41(f).  That regulation prohibits a servicer from beginning a foreclosure proceeding if a borrower has submitted a complete loss mitigation application within 120 days of delinquency, subject to certain exceptions not relevant here.  The Wenegiemes attached to their Complaint a copy of a September 25, 2014 letter from Defendant BLS, acknowledging the receipt of a loss mitigation application from Celeste Wenegieme.  (Complaint at 10.)

Although the record is silent regarding the length of the Wenegiemes' delinquency or the completeness of their loss mitigation application, all reasonable inferences will be taken in the Plaintiffs' favor when deciding a motion to dismiss.  In re Elevator Antitrust Litig., 502 F.3d at 50.  The Wenegiemes thus appear to state a claim under § 1024.41's dual tracking provision.

Defendants assert, without citing to any specific case, statute, or regulatory provision, that there is no federal cause of action against a servicer for dual tracking.  12 C.F.R. § 1024.41(a), however, allows a borrower to enforce the provisions of that section, including § 1024.41(f)'s prohibition on dual tracking, under section 6(f) of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605(f), which includes a

private right of action for damages. Houle v. Green Tree
Servicing, No. 14-cv-14654, 2015 WL 1867526, at *3 (E.D. Mich.
Apr. 23, 2015) ("Borrowers have a private right of action
against lenders who evaluate a loss mitigation application while
at the same time pursuing foreclosure."); see also Kilgore v.
Ocwen Loan Servicing, LLC, No. 13-cv-5473(JFB)(SIL), 2015 WL
698108, at *9 (E.D.N.Y. Mar. 6, 2015) (noting that the private
right of action is available for violations of 12 C.F.R. §
1024.41(c)).

Such a claim, however, is not yet ripe.[2] The Wenegiemes
seek $200,000 in damages for illegal foreclosure and emotional
stress, but the record indicates that foreclosure proceedings
are still pending and that the Wenegiemes have not yet lost
their property.[3] Since their claim for damages is contingent on
a negative outcome in a proceeding that is currently ongoing –
and that they may yet win – the Wenegiemes' dual tracking claim
under 12 C.F.R. § 1024.41(f) is premature. See In re Drexel
Burnham Lambert Group Inc., 995 F.2d 1138, 1146 (2d Cir. 1993).[4]

---

[2] A court may consider the issue of ripeness sua sponte. Nat'l Park
Hospitality Ass'n v. Dept. of the Interior, 538 U.S. 803, 808 (2003).

[3] The Plaintiffs cannot recover for emotional stress, as RESPA is limited by
its terms to "actual damages" plus up to $2,000 in additional damages in the
case of "a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1).
Costs and attorneys' fees are also obtainable. Id. § (f)(3).

[4] The Plaintiffs also seek an injunction preventing any sale of their
property, but the RESPA statute at issue only authorizes a claim for money
damages. See 12 U.S.C. § 2605(f)(1).

The Court therefore dismisses the dual tracking claim without prejudice.  The Wenegiemes may re-file it in Maryland in the event that they lose the property.

**B.    The Court Declines to Exercise Jurisdiction over the Plaintiffs' Standing Claim.**

The Wenegiemes' Complaint states that the Note on their property has gone through several new Trustees and at least one assignment, which according to them makes it "highly unclear who owns the actual 'Note.'"  (Complaint at 3.)  The Complaint questions whether the assignment of the note was "proper" and whether the Defendants have the legal right to foreclose on the property.[5]

Defendants argue that the Plaintiffs' claim should be dismissed under the prior pending action doctrine, which confers discretionary authority on a federal court to stay or dismiss a suit in order to avoid duplicative litigation.  See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  However, the prior pending action doctrine is limited to situations where two overlapping lawsuits are both pending in federal court, while

---

[5] Defendants argue that this standing-based claim is not a valid cause of action under New York law.  Since the Court declines to exercise jurisdiction over the claim, this opinion does not reach that argument.

the foreclosure action against the Wenegiemes is taking place in Maryland state court.  See Id. ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); Bradley v. Kelly, 479 F.Supp.2d 281, 284 (D. Conn. 2007) (discussing the differing procedures for duplicative actions in federal versus state courts).  Between state and federal court cases, on the other hand, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction."  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

However, a district court may abstain from exercising jurisdiction over an action that is duplicative of a state court proceeding, but only in the rare circumstances discussed by the Supreme Court in Colorado River.  That test requires a district court to weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction."  Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999).  Those factors are:

(1)   the assumption of jurisdiction by either court over any res or property,

(2)   the inconvenience of the federal forum,

(3)   the avoidance of piecemeal litigation,

(4)    the order in which jurisdiction was obtained,

(5)    whether state or federal law supplies the rule of decision, and

(6)    whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Id. No single factor is necessarily decisive, and the weight given to any one factor may vary greatly from case to case, depending on the circumstances. See id.

Although the court's obligation to exercise jurisdiction is "virtually unflagging," Colo. River, 424 U.S. at 817, all six of the factors in the analysis weigh in favor of abstention, rendering this one of the "exceptional" circumstances in which a federal court should decline to hear a claim. See id. At 818. The Maryland court has already exercised jurisdiction over the res in question, the Wenegiemes' Baltimore property, when the foreclosure proceeding began. (See Complaint at 3, 12.)  A federal forum in New York is inconvenient, since most of the relevant documents and witnesses will be based in the Baltimore area.  Avoidance of piecemeal litigation also weighs in favor of abstention, since the Maryland action includes claims and defenses not present in this one, while the issue of the ownership of the Note can be dealt with as a defense to foreclosure.  The Maryland court obtained jurisdiction in July

2014, well before the instant case was filed.  (Complaint at 3.)

The ownership and validity of the Note on the Plaintiffs'

property is an issue of state, rather than federal, law.[6]  None

of the Plaintiffs' submissions raise any question regarding the

adequacy of their ability to enforce their rights in the

Maryland courts.

The court therefore declines to exercise jurisdiction over

the Plaintiffs' standing claim.


**C.   Venue is Improper in this District.**

This lawsuit, which concerns the ownership and disposition

of a property in Baltimore, does not belong in a New York court.

28 U.S.C. § 1406 requires a district court hearing a case where

venue is inappropriate to "dismiss, or if it be in the interest

of justice, transfer such case to any district or division in

which it could have been brought."  Even where venue is

appropriate, 28 U.S.C. § 1404(a) allows a district court to

transfer any civil action to another district where it might

have been brought if it is in the interest of justice or more

convenient for parties and witnesses.  A district court may

dismiss a case on its own motion when venue is improper.  See,

---

[6] The Plaintiffs' dual tracking claim is based on federal law, but is dismissed
on other grounds.  (See Section A, supra.)

e.g., Richards v. W2005 Wyn Hotels, LP, No. 11 Civ. 8880 KBF,
2011 WL 7006505, at *1 (S.D.N.Y. Dec. 13, 2011); Johnson v. J.P.
Morgan Chase Bank, N.A., No. 11 Civ. 662(DLC), 2011 WL 497923,
at *2 (S.D.N.Y. Feb. 10, 2011).  Such a sua sponte dismissal is
only appropriate in extraordinary circumstances, however.  See
Stich v. Rehnquist, 982 F.2d 88, 89 (2d Cir. 1992).

Venue is not proper in this district.  Pursuant to 28
U.S.C. § 1391(b), a party may bring a civil action in:

> (1) a judicial district in which any defendant resides, if
> all defendants are residents of the State in which the
> district is located;

> (2) a judicial district in which a substantial part of the
> events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the
> action is situated; or

> (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any
> judicial district in which any defendant is subject to the
> court's personal jurisdiction with respect to such action.

In the instant case, the Defendants are not concentrated within

a single state.  The Wenegiemes list BLS as being located in Florida, Driscoll in Maryland, and MERS in either Illinois or Michigan.  (Complaint at 1-2.)  Since the property at issue in this case is located in Maryland, venue is appropriate in this district only if a substantial part of the events giving rise to the claim occurred here.

The Complaint demonstrates little connection between this case and the Southern District of New York.  The Wenegiemes claim to be Bronx County residents (although the Defendants contend that their primary residence is the Baltimore property in dispute).  Celeste Wenegieme signed the deed to the property in New York, but she did so in the Eastern District.  (Complaint at 8.)  The only notable contact between this district and the events at issue in this case is a letter from BLS regarding the Wenegiemes' loan modification, which was sent to an address in Manhattan.  (Complaint at 10.)  This fails to meet § 1391(b)(2)'s substantiality threshold, which requires a "close nexus" between the events at issue and the forum district.  See Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 433 (2d Cir. 2005).  Indeed, when prompted for the location where the events giving rise to the claim occurred, the Wenegiemes listed Maryland alone.  (Complaint at 3.)[7]

---

[7] If venue were appropriate in New York and the Plaintiffs properly stated a claim, the interests of justice would weigh in favor of a discretionary transfer under 28 U.S.C. § 1404(a).  Although the Wenegiemes' interest in

Based on the foregoing, venue is inappropriate in this District under 28 U.S.C. § 1391.  This leaves the discretionary decision to either transfer the action to an appropriate district or to dismiss it entirely.  28 U.S.C. § 1406(a); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). Since transfer would be futile because dismissal is also warranted on other grounds, see Sections A and B, supra, a dismissal without prejudice is the proper outcome here.


**Conclusion**


The Plaintiffs' dual tracking claim is dismissed for lack of ripeness and improper venue.  The Plaintiffs' standing claim is dismissed under the Colorado River abstention doctrine and due to improper venue.  The Plaintiffs' motion for a preliminary injunction is denied.


It is so ordered.

---

litigating in their chosen forum is an important consideration, they would suffer little inconvenience litigating in Maryland, where they are already a party to the state foreclosure action.  Maryland is also the location of many of the relevant documents and witnesses and the locus of operative facts. Additionally, the Maryland federal court's superior understanding of Maryland property law weighs in favor of the case being adjudicated there.  See Herbert L.P. v. Elec. Arts Inc., 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004) (listing the relevant factors in deciding whether to transfer under § 1404(a)).

New York, NY

~~APRIL~~ May 6 , 2015

_____

ROBERT W. SWEET

U.S.D.J.